IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02514-MSK-MJW

GREG AUGUSTINE,

       Plaintiff,

v.

EXECUTIVE IN CHARGE INTERNAL REVENUE SERVICE,

       Defendant.

_____

## ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss

**(# 3)**, to which the Plaintiff has filed no response.[1]

In this action, the Plaintiff *pro se* seeks an injunction voiding liens placed on his property

by the Defendant Internal Revenue Service for unpaid taxes. The Defendant contends that the

---

[1] This action was commenced by the Plaintiff *pro se* in the Colorado District Court for Jefferson County and removed **(# 1)** to this Court by the Defendant pursuant to 28 U.S.C. §1442(a)(1), insofar as it is asserted against a Federal agency or officer. The Defendant then filed the instant motion to dismiss. The Plaintiff filed no response to the motion in this Court. Rather, according to the Defendant **(# 6)**, the Plaintiff filed a response to the motion with the court in Jefferson County, insisting that this Court had "no subject matter or territorial jurisdiction." Although the Court recognizes that the *pro se* Plaintiff may be unfamiliar with the effect of 28 U.S.C. § 1446(d) (state court stripped of any jurisdiction to proceed further once a Notice of Removal is filed), *pro se* status only entitles the Plaintiff to liberal construction of the contents of his pleadings; it does not relieve him of the obligation to comply with the substantive and procedural requirements of the applicable law. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Whether his failure to file a response in this Court was conscious or simply mistaken, the fact remains that he has filed no response to the Defendant's motion in this Court requires this Court to treat the Defendant's motion as unopposed.

Plaintiff fails to establish personal and subject-matter jurisdiction over this action, as well as asserts a defense of sovereign immunity. The Court need not address these various contentions in detail. It is sufficient to note that the Anti-Injunction Act, 26 U.S.C. § 7421, provides that, with certain exceptions not relevant here, "no suit for the purpose or restraining the assessment or collection of any tax shall be maintained in any court by any person." The filing of liens by the Internal Revenue Service constitutes a form of "collection of any tax," and thus, the Act bars suits, such as this one, in which taxpayers seek to void such a lien. *Overton v. U.S.*, 925 F.2d 1282, 1284 (10th Cir. 1991); *Lonsdale v. U.S.,* 919 F.2d 1440, 1442-43 (10th Cir. 1990). Although an exception to the Anti-Injunction Act exists where the taxpayer can show that under no circumstances could the government establish its claim to the asserted tax, *Overton, id.*, the Plaintiff here has not filed any response to the motion, and thus, has not made such a showing.[2]

---

[2]Even if the Court were to consider the Plaintiff's response filed in state court, it would still find that the Plaintiff has not carried his burden. The Plaintiff's response is premised upon an assertion that he owes no taxes because, in essence, the U.S. Government lacks the power to impose an income tax. *See Complaint*, ¶ 12-14. This contention is clearly frivolous. *Charczuk v. Commissioner of Internal Revenue*, 771 F.2d 471, 472-73 (10th Cir. 1985).

Accordingly, the Defendant's Motion to Dismiss **(# 3)** is **GRANTED**. The Plaintiff's Complaint, styled "Request for Injunction," is dismissed with prejudice for lack of subject-matter jurisdiction,[3] and the Clerk of the Court is directed to close this case.

Dated this 25th day of January, 2007

> **BY THE COURT:**
>
> *[signature: Marcia S. Krieger]*
>
> Marcia S. Krieger
> United States District Judge

---

[3] Although this Court lacks subject-matter jurisdiction over the action, it finds that remanding the case pursuant to 28 U.S.C. § 1444(c) is unnecessary, as the Anti-Injunction Act deprives the state court of jurisdiction as well. *See e.g. Sorenson v. O'Neill*, 74 Fed.Appx. 341, 343 (10th Cir. 2003) (unpublished). (Pursuant to 10th Cir. R. 36.3(a), this Court does not rely on *Sorenson* for precedential value, but merely because its analysis of the identical remand issue presented here is persuasive, and the issue has not previously been addressed in any published opinion. Pursuant to Rule 36.3(c), a copy of *Sorenseon* is attached hereto.)

73 Fed.Appx. 341                                                                                                                Page 4
73 Fed.Appx. 341, 2003 WL 21872552 (C.A.10 (Utah)), 92 A.F.T.R.2d 2003-5715, 2003-2 USTC P 50,618
**(Cite as: 73 Fed.Appx. 341)**

United States Court of Appeals, Tenth Circuit.
Vern W. SORENSON; Olivene C. Sorenson, Plaintiffs-Appellants,
v.
Paul H. O'NEILL, Lienor, Office of the Secretary of the United States Treasury, Defendant-Appellee.
**No. 02-4217.**

Aug. 8, 2003.

Taxpayers brought state-court action in which they sought to cancel federal tax liens filed against them, alleging that Treasury Department employees had filed fraudulent liens for unpaid income taxes. After action was removed, the United States District Court for the District of Utah, 2002 WL 31476645, dismissed for lack of subject matter jurisdiction, and subsequently denied taxpayers' motion for reconsideration. Taxpayers appealed. The Court of Appeals, Paul J. Kelly, Jr., Circuit Judge, held that: (1) taxpayers were subject to federal tax laws; (2) United States Attorney's Office has both authority and duty to represent United States and its employees in suits challenging imposition and collection of tax revenues; and (3) taxpayers were precluded from seeking judicial relief to restrain enforcement of federal tax liens.

Affirmed; petition for declaratory relief denied.
West Headnotes

**[1] Internal Revenue 220 ⇐3560**

220 Internal Revenue
   220V Income Taxes
      220V(L) Persons Liable
         220k3560 k. In General. Most Cited Cases
Like everyone else who lived in the United States, taxpayers were subject to federal tax laws.

**[2] Internal Revenue 220 ⇐4903**

220 Internal Revenue
   220XXVI Actions for Taxes
      220XXVI(C) Parties
         220k4903 k. In General. Most Cited Cases

**United States 393 ⇐39(9)**

393 United States
   393I Government in General
      393k39 Compensation of Officers, Agents, and Employees
         393k39(9) k. Reimbursement for Expenses or Losses. Most Cited Cases
United States Attorney's Office has both the authority and the duty to represent the United States and its employees in suits challenging the imposition and collection of tax revenues.

**[3] Internal Revenue 220 ⇐4920**

220 Internal Revenue
      220XXVII Remedies for Wrongful Enforcement

73 Fed.Appx. 341 Page 5
73 Fed.Appx. 341, 2003 WL 21872552 (C.A.10 (Utah)), 92 A.F.T.R.2d 2003-5715, 2003-2 USTC P 50,618
**(Cite as: 73 Fed.Appx. 341)**

      220XXVII(B) Taxes and Suits Within Statutory Prohibition
         220k4920 k. In General. Most Cited Cases
Under Anti-Injunction Act, no court, including state court, had subject matter jurisdiction to entertain taxpayers' challenge to federal tax liens in light of taxpayers' failure either to timely challenge imposition of income tax underlying liens by appealing to tax court or to pay outstanding taxes and file for refund with Internal Revenue Service (IRS) before filing suit to challenge taxes. 26 U.S.C.A. § 7421(a).

**[4] Internal Revenue 220 ⌒4915**

220 Internal Revenue
    220XXVII Remedies for Wrongful Enforcement
      220XXVII(A) In General
         220k4915 k. In General. Most Cited Cases
By failing to challenge tax assessments by following statutory procedures, taxpayers were precluded from seeking judicial relief to restrain enforcement of federal tax liens.

**\*342** Vern W. Sorenson, Olivene C. Sorenson, Provo, UT, for Plaintiff-Appellant.
David I. Pincus, August A. Imholtz, III, Washington, DC, Karen G. Gregory, United States Department of Justice, Washington, DC, Jeannette F. Swent, Asst. U.S., Attorney, Salt Lake City, UT, for Defendant-Appellee.

Before KELLY, ANDERSON, and O'BRIEN, Circuit Judges.

### ORDER AND JUDGMENT[FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3. PAUL KELLY, Jr. Circuit Judge.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Vern W. and Olivene C. Sorenson, appearing pro se, appeal from the denial of their "Petition to Vacate a Void Judgment and Petition to Remand Case Back to State Jurisdiction," which the district court construed as a motion for reconsideration **\*343** under Federal Rule of Civil Procedure 60(b). Because we conclude that the district court did not abuse its discretion in denying the motion, we affirm.

Petitioners sought, in Utah state court, to "cancel" federal tax liens filed against them through filing what they called an "in rem"

73 Fed.Appx. 341  Page 6
73 Fed.Appx. 341, 2003 WL 21872552 (C.A.10 (Utah)), 92 A.F.T.R.2d 2003-5715, 2003-2 USTC P 50,618
**(Cite as: 73 Fed.Appx. 341)**

action naming the liens, the Secretary of the Treasury, and two other Treasury Department employees as defendants. In the complaint, the Sorensons accused the Treasury employees of filing fraudulent liens for unpaid income taxes. The case was properly removed to federal court pursuant to 28 U.S.C. § 1442, where the United States was substituted for the employee-defendants. The court dismissed the case for lack of subject matter jurisdiction because the Sorensons had not complied with the requirement that they either (1) timely challenge the imposition of the income tax underlying the lien by appealing to the Tax Court or (2) pay the outstanding taxes and file for a refund with the Internal Revenue Service before filing suit to challenge the taxes. *See Guthrie v. Sawyer,* 970 F.2d 733, 735 (10th Cir.1992). The court denied their motion to reconsider.

The Sorensons did not file a notice of appeal in time to challenge the merits of the district court's dismissal. Fed. R.App. P. 4(a)(4)(B)(ii); *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). But their notice of appeal was sufficient to appeal from the court's denial of their Rule 60(b) motion. *See* Fed. R.App. P. 4(a)(1)(B). An appeal from a denial of a motion for reconsideration filed more than ten days after entry of judgment "raises for review only the district court's order of denial and not the underlying judgment itself." *Van Skiver,* 952 F.2d at 1243.

[1][2] Petitioners allege that they are not subject to federal tax laws, assert that the United States Attorney has no authority to represent defendants, and challenge the district court's subject matter jurisdiction on different grounds and its refusal to remand their case to state court, which they claim has exclusive subject matter jurisdiction over this case. We need not waste judicial resources explaining once again why the Sorensons are subject to federal tax laws, just like everyone else who lives in the United States. *See Lonsdale v. United States,* 919 F.2d 1440, 1447-48 & n. 4 (10th Cir.1990); *Crain v. Comm'r,* 737 F.2d 1417, 1417-18 (5th Cir.1984). Nor need we explain why the U.S. Attorney's office has both the authority and the duty to represent the United States and its employees in suits challenging the imposition and collection of tax revenues.

**\*\*2** [3][4] Petitioners' assertion that the district court was required to remand the case to state court is plainly without merit. Under the Anti-Injunction Act, 26 U.S.C. § 7421(a), no court, including the Utah state court, had subject matter jurisdiction to entertain a challenge to the federal tax liens at issue under these circumstances. *See Lonsdale,* 919 F.2d at 1442-44. Petitioners simply refuse to accept that, because they failed to challenge the tax assessments by following the statutory procedures, they cannot now seek judicial relief to restrain enforcement of the liens.

The district court's judgment is AFFIRMED; the "Petition for Declaratory Relief" is DENIED. The mandate shall issue forthwith.

73 Fed.Appx. 341 Page 7
73 Fed.Appx. 341, 2003 WL 21872552 (C.A.10 (Utah)), 92 A.F.T.R.2d 2003-5715, 2003-2 USTC P 50,618
**(Cite as: 73 Fed.Appx. 341)**

C.A.10 (Utah),2003.
Sorenson v. O'Neill
73 Fed.Appx. 341, 2003 WL 21872552 (C.A.10 (Utah)), 92 A.F.T.R.2d 2003-5715, 2003-2 USTC P 50,618

END OF DOCUMENT